UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BILLIE D. SCOTT, CDCR #AY-8804,<br><br>　　　　　　　　　　　Plaintiff,<br><br>vs.<br><br>FRANK YOO, M.D. et al.,<br><br>　　　　　　　　　　Defendants. | Case No.:  21-cv-1319-MMA (KSC)<br><br>**ORDER DENYING MOTION TO PROCEED IN FORMA PAUPERIS AND DISMISSING COMPLAINT WITHOUT PREJUDICE**<br><br>[Doc. No. 2]<br><br>**GRANTING MOTION FOR EXTENSION OF TIME**<br><br>[Doc. No. 3] |

　　　Billie D. Scott ("Plaintiff"), a state inmate currently incarcerated California Health Care Facility, located in Stockton, California and proceeding pro se, has filed a civil rights complaint pursuant to 42 U.S.C. § 1983.  *See* Doc. No. 1 ("Compl.").  Plaintiff did not pay the filing fee required by 28 U.S.C. § 1914(a) to commence a civil action when he filed his Complaint; instead, he filed a motion to proceed in forma pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a).  *See* Doc. No. 2.  Plaintiff has also filed a motion for extension of time.  *See* Doc. No. 3.

## I. Motion to Proceed in Forma Pauperis

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $402. *See* 28 U.S.C. § 1914(a). The action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). However, the Prison Litigation Reform Act's ("PLRA") amendments to § 1915 require all prisoners who proceed IFP to pay the entire fee in "increments" or "installments," *Bruce v. Samuels*, 577 U.S. 82, 83–84 (2016); *Williams v. Paramo*, 775 F.3d 1182, 1185 (9th Cir. 2015), regardless of whether their action is ultimately dismissed. *See* 28 U.S.C. § 1915(b)(1), (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

Section 1915(a)(2) requires all persons seeking to proceed without full prepayment of fees to file an affidavit that includes a statement of all assets possessed and demonstrates an inability to pay. *See Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015). In support of this affidavit, the PLRA also requires prisoners to submit a "certified copy of the trust fund account statement (or institutional equivalent) for . . . the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005). From the certified trust account statement, the Court assesses an initial payment of 20% of: (a) the average monthly deposits in the account for the past six months; or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets. *See* 28 U.S.C. § 1915(b)(1); 28 U.S.C. § 1915(b)(4). The institution having custody of the prisoner then collects subsequent payments, assessed at 20% of the preceding month's income, in any month in which his account exceeds $10, and forwards those payments to the Court until the entire filing fee is paid. *See* 28 U.S.C. § 1915(b)(2); *Bruce*, 577 U.S. at 84.

Although Plaintiff has filed a motion to proceed IFP, he did not include a certified

1  trust account statement.  *See* Doc. No. 2.  Because Plaintiff has neither paid the filing fee
2  required by 28 U.S.C. § 1914(a) to commence a civil action, nor filed a properly supported
3  motion to proceed IFP pursuant to 28 U.S.C. § 1915(a), his case cannot yet proceed.  *See*
4  28 U.S.C. § 1914(a); *Andrews*, 493 F.3d at 1051.

## II. MOTION FOR EXTENSION OF TIME

Along with his motion to proceed IFP, Plaintiff has also filed a motion for extension of time.  *See* Doc. No. 3.  He seeks additional time to submit a copy of his trust account statement.  *See id.*  For the reasons discussed above, Plaintiff's IFP motion is denied.  To the extent Plaintiff seeks additional time to satisfy the filing fee requirement, the Court **GRANTS** Plaintiff an additional 60 days from the date of this Order to file a new motion to proceed in forma pauperis that includes a copy of the required certified trust account statement.

## III. CONCLUSION

For the foregoing reasons, the Court **DENIES** Plaintiff's motion to proceed IFP pursuant to 28 U.S.C. § 1914(a) and/or 28 U.S.C. § 1915(a) and **DISMISSES** this civil action **without prejudice** based on Plaintiff's failure to pay the $402 civil filing and administrative fee or to submit a motion to proceed IFP pursuant to 28 U.S.C. §§ 1914(a) and 1915(a).  The Court further **GRANTS** Plaintiff's motion for extension of time and grants Plaintiff sixty (60) days leave from the date this Order is filed to either: (a) prepay the entire $402 civil filing and administrative fee in full; or (b) complete and file a new motion to proceed IFP and include a certified copy of his CDCR trust account statements for the 6-month period preceding the filing of his Complaint.  *See* 28 U.S.C. § 1915(a)(2); S.D. Cal. CivLR 3.2(b).

Finally, the Court **DIRECTS** the Clerk of Court to provide Plaintiff with the Court's approved form "Motion and Declaration in Support of Motion to Proceed In Forma Pauperis."  If Plaintiff fails to either prepay the $402 civil filing fee or fully complete and submit the enclosed motion to proceed IFP within 60 days, this action will remain dismissed without prejudice based on his failure to satisfy 28 U.S.C. § 1914(a)'s

fee requirement and without further Order of the Court.

     **IT IS SO ORDERED.**

Dated:  August 24, 2021

                                                 HON. MICHAEL M. ANELLO
                                                 United States District Judge