1
2
3
4
5
6
7
8

## UNITED STATES DISTRICT COURT

9

## SOUTHERN DISTRICT OF CALIFORNIA

10

11   BILLIE D. SCOTT,
     CDCR #AY-8804
12
13                                    Plaintiff,
14               vs.
15
16   FRANK YOO, M.D., TRI CITY
     MEDICAL CENTER, et al.,
17
18                                    Defendants.
19

Case No.:  21-cv-1319-MMA (KSC)

**ORDER DISMISSING FIRST
AMENDED COMPLAINT FOR
FAILURE TO STATE A CLAIM
PURSUANT TO 28 U.S.C.
§ 1915(e)(2)(B) AND § 1915A(b) AND
DENYING MOTION TO PROCEED
IN FORMA PAUPERIS AS MOOT**

[Doc. No. 12]

20        On July 21, 2021, Billie D. Scott ("Plaintiff"), a state inmate currently incarcerated

21   California Health Care Facility ("CHCF"), located in Stockton, California and proceeding

22   *pro se*, filed a civil rights complaint pursuant to 42 U.S.C. § 1983.  *See* Doc. No. 1

23   ("Compl.").  Plaintiff did not pay the filing fee required by 28 U.S.C. § 1914(a) to

24   commence a civil action when he filed his Complaint; instead, he filed a Motion to

25   Proceed In Forma Pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a), along with a Motion

26   for Extension of Time to submit his prison trust account statement.  *See* Doc. Nos. 2, 3.

27        On August 24, 2021, the Court denied Plaintiff's request to proceed IFP, dismissed

28   the Complaint without prejudice and granted Plaintiff an extension of time to either

prepay the $402 filing fee or file a renewed Motion to Proceed IFP.  Doc. No. 4.  On August 30, 2021, Plaintiff filed a Motion to Proceed IFP, along with a copy of his prison trust account statement.  Doc. No. 5.  On October 10, 2021, the Court granted Plaintiff's Motion to Proceed IFP and dismissed the Complaint for failing to state a claim, pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b), but granted leave to amend.  Doc. No. 6.  On November 5, 2021, Plaintiff filed a First Amended Complaint, Doc. No. 10 ("FAC"), but simultaneously filed a Motion for Extension of time to file an amended complaint, Doc. No. 9.  The Court granted Plaintiff an extension of time to file a second amended complaint, should he so choose, no later than December 16, 2021.  Doc. No. 11 at 2.  Plaintiff did not file a second amended complaint by the deadline.  However, he filed second IFP Motion on January 7, 2022.  Doc. No. 12.

## I. MOTION TO PROCEED IN FORMA PAUPERIS

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $402.[1]  *See* 28 U.S.C. § 1914(a).  The action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a).  *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007).  On October 10, 2021, the Court granted Plaintiff's original IFP Motion and assessed an initial partial filing fee of $122.47, pursuant to 28 U.S.C. § 1915(b)(1).  Doc. No. 5 at 3, 11.  The Court further noted that the remaining balance of the $350 total fee owed in this case was to be collected by the agency having custody of the prisoner and forwarded to the Clerk of the Court pursuant to 28 U.S.C. § 1915(b)(2).  *Id.* at 11.  Because Plaintiff has already been granted leave to proceed in forma pauperis, the Court **DENIES** Plaintiff's January 7, 2022 IFP Motion as moot.

---

[1] In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $52.  *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2021)). The additional $52 administrative fee does not apply to persons granted leave to proceed IFP.  *Id.*

## II. SCREENING AMENDED COMPLAINT PER 28 U.S.C. §§ 1915(e)(2)(B) & 1915A(b)

### A.    Legal Standard

Because Plaintiff is a prisoner and is proceeding IFP, his First Amended Complaint requires a pre-answer screening pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b). Under these statutes, the Court must *sua sponte* dismiss a prisoner's IFP complaint, or any portion of it, which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. *See Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc) (discussing 28 U.S.C. § 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)). "The purpose of [screening] is 'to ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'" *Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (citation omitted).

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that screening pursuant to § 1915A "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)"). Rule 12(b)(6) requires a complaint "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted); *Wilhelm*, 680 F.3d at 1121. In deciding whether to dismiss the complaint for failing to state a claim, the court is generally bound by the facts and allegations contained within the four corners of the complaint. *Hydrick v. Hunter*, 500 F.3d 978, 985 (9th Cir. 2007).

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its

judicial experience and common sense." *Id*.  The "mere possibility of misconduct" or "unadorned, the defendant-unlawfully-harmed me accusation[s]" fall short of meeting this plausibility standard.  *Id*.; *see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).

**B.    Plaintiff's Allegations**

In the FAC, Plaintiff makes the same factual allegations as those contained in the original complaint.  *See* FAC.  Indeed, the section containing the factual allegations in the FAC appears to be an exact duplicate or photocopy of the allegations contained in the original complaint.  *Compare*, Compl. at 3–5 *with* FAC at 4–6.  Plaintiff again alleges that in August 2019, while he was an inmate at R.J. Donovan State Prison ("RJD"), he was referred to Tri City Medical Center ("TCMC") in Oceanside, California for spinal surgery.  FAC at 3.  The California Department of Corrections and Rehabilitation ("CDCR") had a contract with TCMC at the time to treat RJD patients referred there by prison doctors.  *Id.*  Plaintiff was seen by Dr. Yoo, who reviewed his MRI results and told him he needed "corrective surgery on his spine to infuse his vertebral T-11 and T-12, to alleviate the debilitating pain in Plaintiff's lower back."  *Id.*  The surgery was scheduled for some time in September 2019.  *Id.*  But shortly after seeing Yoo, Plaintiff's pain worsened and became "unmanageable, causing nerve damage and uncontrollable incontinence and . . . rather than wait for the scheduled September procedure, . . . Plaintiff was sent to TCMC" on August 31, 2021 for an "emergency visit."  *Id.*  Plaintiff was seen by Yoo again, who recommended they "expedite the surgery to fuse T-11 and T-12."  *Id.*  Plaintiff was told this was "standard procedure" and that Yoo had performed similar procedures successfully a number of times. Plaintiff consented to the surgery.  *Id.*

After the surgery, Plaintiff experienced severe pain and learned that "instead of fusing T-11 and T-12, as was agreed during consultations," Yoo had "installed bolts/hardware into Plaintiff's spin[al] cord [at] T-10."  *Id.*  This required "swift corrective surgery" which was ordered by RJD medical staff.  *Id.*  On September 5, 2019, Plaintiff was sent back to TCMC for corrective surgery and removal of the wrongly

installed bolts/hardware into T-10.  While Plaintiff was at TCMC, Yoo visited him and apologized for his error.  *Id.* at 4.  Plaintiff states that after Yoo performed the second surgery, Yoo "abandoned him."  *Id.*  As a result of Yoo performing surgery on the wrong vertebrae, Plaintiff states he has suffered pain, "lifelong mobility impairment and incontinence."  *Id.* at 5.

In his FAC, Plaintiff names five defendants: Yoo, TCMC, the Chief Medical Officer of TCMC, Does #1 and # 2, both TCMC ICU Registered Nurses.  *Id.* at 2–3.  Plaintiff contends his Eighth Amendment rights were violated when Defendants were deliberately indifferent to his serious medical needs during and following spinal surgery performed at TCMC by Yoo.  *Id.* at 4–5.  He also alleges state tort claims, including medical malpractice, negligence and battery.  *Id.* at 5–6.  He seeks compensatory and punitive damages in a sum to be determined by the factfinder, as well as injunctive relief.  *Id.* at 10.

## C.   42 U.S.C. § 1983

Section 1983 is a "vehicle by which plaintiffs can bring federal constitutional and statutory challenges to actions by state and local officials."  *Anderson v. Warner*, 451 F.3d 1063, 1067 (9th Cir. 2006).  To state a claim under section 1983, Plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law.  *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Naffe v. Frey*, 789 F.3d 1030, 1035–36 (9th Cir. 2015).

## D.   Eighth Amendment Medical Care

To state a claim under the Eighth Amendment, Plaintiff must plead facts to plausibly suggest that Defendants: (1) exposed him to a substantial risk of serious harm; and (2) did so with deliberate indifference.  *See Farmer v. Brennan*, 511 U.S. 825, 837, 842 (1994); *Iqbal*, 556 U.S. at 678.  Specifically, in a medical care case such as this, Plaintiff must first allege he suffered from or faced an objectively "serious medical need."  *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006); *Mendiola-Martinez*

*v. Arpaio*, 836 F.3d 1239, 1248 (9th Cir. 2016). "A medical need is serious when the failure to treat it could result in significant injury or the unnecessary and wanton infliction of pain." *Jett*, 439 F.3d at 1096.

In addition, Plaintiff must allege facts sufficient to demonstrate Defendants acted with "deliberate indifference" to his serious medical needs. *See Erickson v. Pardus*, 551 U.S. 89, 90 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) ("[D]eliberate indifference to serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain . . . proscribed by the Eighth Amendment," and this includes "indifference. . . manifested by prison doctors in their response to the prisoner's needs.")). "Deliberate indifference is a high legal standard." *Hamby v. Hammond*, 821 F.3d 1085, 1092 (9th Cir. 2016) (citing *Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir. 2004)). Inadvertent failures to provide adequate medical care, mere negligence or medical malpractice, delays in providing care (without more), and differences of opinion over what medical treatment or course of care is proper, are all insufficient to constitute an Eighth Amendment violation. *Estelle*, 429 U.S. at 105–07; *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989); *Shapley v. Nev. Bd. of State Prison Comm'rs*, 766 F.2d 404, 407 (9th Cir. 1985).

### 1. Defendant Yoo

As he did in his original complaint, Plaintiff alleges his Eighth Amendment rights were violated when Dr. Yoo was deliberately indifferent to his serious medical needs. FAC at 3–5. Plaintiff again claims Yoo was supposed to perform a fusion of his T-11 and T-12 vertebrae but instead, Yoo "installed bolts/hardware into Plaintiff's spinal cord at T-10 [vertebrae] instead of fusing T-11 with T-12, as was agreed [upon] during consultations based on MRIs [and] X-rays." *Id.* at 3. As a result of Yoo's error, Plaintiff required corrective surgery a few days later to remove the bolts and hardware from T-10 and to fuse the T-11 and T-12, as originally intended. *Id.*

As discussed in this Court's October 10, 2021 Order, to state an Eighth Amendment claim based on inadequate medical care, Plaintiff must also allege facts to

show Yoo was "deliberately indifferent" to those medical needs.  To meet this high standard, prison officials must have "a sufficiently culpable state of mind." *Farmer*, 511 U.S. at 834; *see also Toguchi*, 391 F.3d at 1060.  There is no Eighth Amendment liability unless the official knows of and disregards a substantial risk to inmate health or safety. "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 837; *see also, Hunt*, 865 F.2d at 200.  The state actor must "recognize[ ][an] unreasonable risk and actually intend[ ] to expose the plaintiff to such risks without regard to the consequences to the plaintiff." *L.W. v. Grubbs*, 92 F.3d 894, 898–900 (9th Cir. 1996)). In other words, the defendant "knows that something is going to happen but ignores the risk and exposes [the plaintiff] to it." *Id*. at 900.

Here, Plaintiff repeats the exact same allegations raised in his original complaint and as such, the claim is subject to dismissal for the same reasons discussed in this Court's October 10, 2021 Order.  *See* Doc. No. 6 at 7–9.  While Yoo's purported mistake in operating on the wrong vertebrae is alarming, Plaintiff alleges no facts to suggest Yoo purposely operated on the wrong vertebrae with the intention to "expose [Plaintiff] to such risks without regard to the consequences." *Grubbs*, 92 F.3d. at 899.  Based allegations in the FAC, Yoo seemingly made a terrible mistake.  Allegations of medical malpractice alone, however, do not rise to a constitutional violation. *Estelle*, 429 U.S. at 106; *see also, e.g.*, *Anderson v. County of Kern*, 45 F.3d 1310, 1316 (9th Cir. 1995); *Broughton v. Cutter Laboratories*, 622 F.2d 458, 460 (9th Cir. 1980).  Even gross negligence is insufficient to establish deliberate indifference to serious medical needs. *See Wood v. Housewright*, 900 F.2d 1332, 1334 (9th Cir. 1990).  Instead, Plaintiff must allege that "the course of treatment the doctors chose was medically unacceptable under the circumstances' and that the defendants 'chose this course in conscious disregard of an excessive risk to [his] health.'" *Hamby*, 821 F.3d at 1092 (citations omitted).  Here, the facts as alleged are insufficient to state an Eighth Amendment claim of deliberate indifference against Yoo.  *See id.*; *see also Fulford v. Griffen*, No. C 13-2535 CW (PR),

2013 WL 5371878, at *2 (N.D. Cal. Sept. 24, 2013) (concluding plaintiff failed to state a claim for deliberate indifference when he alleged the prison doctor removed half the bone in a toe that was not injured).

### 2.   *Tri City Medical Center*

Next, Plaintiff again alleges his Eighth Amendment right to adequate medical care was violated by TCMC.  FAC at 6.  As discussed in the Court's October 10, 2021 Order, Plaintiff has sufficiently alleged TCMC is a state actor.  *See* Doc. No. 6 at 9, citing *Lopez*, 939 F.2d at 883.  His Eighth Amendment claim against TCMC, however, fails for the same reason as his claim against Yoo.  Plaintiff contends TCMC staff "abandoned" him after his "second surgery by Dr. Yoo, their employee."  Doc. No. 10 at 5.  He states that after the surgery, TCMC staff used an air pump during his recovery to assist him with breathing but the pump was "broken" and caused him to develop fluid in his lungs.  *Id.* This, he alleges, required another corrective procedure to drain the fluid from his lungs. *Id.*  Plaintiff also contends TCMC "refused to apologize or attempt [to] remedy this malpractice and battery or this deliberate and 'malicious' indifference."  *Id.*

Plaintiff alleges no facts specific to TCMC that rise to the level of deliberate indifference with regard to the surgeries performed by Yoo.  Further, to the extent he alleges deliberate indifference by other TCMC staff related to the use of an allegedly defective "air pump," he does not allege that TCMC staff knew the pump was defective when it was initially used to assist Plaintiff after surgery; nor does he allege that when the purported defect was discovered, TCMC staff failed to take corrective action.  *See id.* at 6.  Indeed, Plaintiff has not alleged facts to show TCMC "actually intended to expose the plaintiff to [the] risk[] [of a faulty pump] without regard to the consequences."  *See Grubbs*, 92 F.3d at 898–900.  Thus, the Court finds Plaintiff has failed to state an Eighth Amendment claim of deliberate indifference against TCMC.

### 3.   *TCMC Chief Medical Officer*

In his FAC, Plaintiff also names TCMC Chief Medical Officer as a defendant. FAC at 2.  He fails, however, to make any specific allegations against the TCMC Chief

Medical Officer. *See generally*, *id.* at 4–6. To the extent Plaintiff seeks to hold the TCMC Chief Medical Officer liable for the actions of Yoo and other TCMC staff, he fails to state a claim because there is no vicarious liability under § 1983. In other words, an individual defendant is not responsible for the actions or omissions of another. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989); *Ybarra v. Reno Thunderbird Mobile Home Village*, 723 F.2d 675, 680–81 (9th Cir. 1984). "Because vicarious liability is inapplicable to . . . § 1983 suits," Plaintiff "must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676. He has failed to do so in his FAC. Plaintiff includes no specific factual allegations describing any individual acts or omissions taken by the TCMC Chief Medical Officer. His broad and generalized allegations fail to show how, or to what extent, the Chief Medical Officer may be held individually liable for any constitutional injury. *See id.* at 676–77; *Jones v. Cmty. Redevelopment Agency of City of Los Angeles*, 733 F.2d 646, 649 (9th Cir. 1984) (stating that even a pro se plaintiff must "allege with at least some degree of particularity overt acts which defendants engaged in" in order to state a claim). Therefore, Plaintiff fails to state an Eighth Amendment claim against the TCMC Chief Medical Officer.

### 4.     ICU Nurses Doe #1 and Doe #1

Finally, Plaintiff claims TCMC ICU Nurses Doe #1 and Doe #2 were deliberately indifferent to his serious medical needs. FAC at 2–3. Again, however, Plaintiff fails to allege specific facts related to Nurses Doe #1 and Doe #2. Plaintiff makes only one reference to nurses in his FAC: he alleges that after his second, corrective, surgery, he was "abandoned by TCMC staff (nurses and Dr. Yoo) in recovery, this includes installation of [an] air pump during recovery to assist [Plaintiff's] breathing." *Id.* at 6. Plaintiff contends the air pump was "broken and no one noticed for several days" and as a result, he developed fluid in his lungs which required a procedure to drain. *Id.*

As discussed above, deliberate indifference is established only where the defendant subjectively knows of and disregards an excessive risk to inmate health and safety.

*Toguchi*, 391 F.3d at 1057.  Here, Plaintiff has failed to plead facts demonstrating "a *purposeful* act or failure to respond" on the part of the two nurses.  *See Jett*, 439 F.3d at 1096 (emphasis added).  It not enough that a reasonable person would have known of the risk or should have known of the risk.  *Farmer*, 511 U.S. at 842.  Even if Plaintiff had sufficiently alleged Nurses Doe #1 and Doe #2 failed to timely notice the air pump was faulty, Plaintiff fails to adequately allege they did so while purposefully disregarding an excessive risk to his health.  As noted above, inadequate treatment due to malpractice, or even gross negligence, does not amount to a constitutional violation. *Estelle*, 429 U.S. at 106; *Toguchi*, 391 F.3d at 1060.  Accordingly, Plaintiff has failed to state an Eighth Amendment claim against ICU Nurses Doe #1 and Doe #2.

**E.      State Law Negligence, Medical Malpractice, and Intentional Tort Claims**

As he did in his original Complaint, Plaintiff alleges Defendants were negligent and committed malpractice.  FAC at 4–6.  Plaintiff also claims that Yoo committed the battery under California tort law when he operated on the T-10 vertebrae without his consent.  *Id.* at 4–5.  "In any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a).  However, "once judicial power exists under § 1367(a), retention of supplemental jurisdiction over state law claims under 1367(c) is discretionary."  *Acri v. Varian Assoc., Inc.*, 114 F.3d 999, 1000 (9th Cir. 1997).

"The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if – (3) the district court has dismissed all claims over which it has original jurisdiction."  28 U.S.C. § 1367(c)(3).  The Supreme Court has cautioned that "if the federal claims are dismissed before trial, . . . the state claims should be dismissed as well."  *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726 (1966).  As discussed above, the Court has found Plaintiff's Complaint fails to state a plausible claim for relief.  Therefore, in the absence of any viable federal claim upon which relief may be

granted, the Court exercises its discretion and **DISMISSES** Plaintiff's supplemental state law claims without prejudice pursuant to 28 U.S.C. § 1367(c)(3).  *Id*.

**F.      Leave to Amend**

Based on the foregoing, the Court finds Plaintiff's First Amended Complaint fails to state any § 1983 claim upon which relief can be granted, and that it must be dismissed *sua sponte* and in its entirety pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1).  *See Watison*, 668 F.3d at 1112; *Wilhelm*, 680 F.3d at 1121.  Because Plaintiff is proceeding *pro se*, however, the Court having now provided him with "notice of the deficiencies in his complaint," will also grant him an opportunity to fix them.  *See Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012) (citing *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992)).

In light of Plaintiff's *pro se* status, the Court grants him a second opportunity to amend his pleading to attempt to sufficiently allege § 1983 claims against Defendants. *See Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) ("A district court should not dismiss a pro se complaint without leave to amend [pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii)] unless 'it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.'") (quoting *Akhtar*, 698 F.3d at 1212).

## III. CONCLUSION

For the foregoing reasons, the Court **DENIES** Plaintiff's Motion to Proceed IFP as moot and **DISMISSES** the First Amended Complaint for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1). The Court **GRANTS** Plaintiff forty-five (45) days leave from the date of this Order in which to file a Second Amended Complaint that cures the deficiencies of pleading noted above.  The Second Amended Complaint must be complete by itself without reference to his original pleading.  Defendants not named and any claim not re-alleged in his Second Amended Complaint will be considered waived.  *See* S.D. Cal. CivLR 15.1; *Hal Roach Studios v. Richard Feiner & Co.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original."); *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir.

2012) (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be "considered waived if not repled.").

If Plaintiff fails to file a Second Amended Complaint within the time provided, the Court will enter a final Order dismissing this civil action based both on Plaintiff's failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b), and his failure to prosecute in compliance with a court order requiring amendment. *See Lira v. Herrera*, 427 F.3d 1164, 1169 (9th Cir. 2005) ("If a plaintiff does not take advantage of the opportunity to fix his complaint, a district court may convert the dismissal of the complaint into dismissal of the entire action.").

**IT IS SO ORDERED**.

Dated:  February 23, 2022

HON. MICHAEL M. ANELLO
United States District Judge